IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-186-RJC

| | |
|---|---|
| BRANDON WILLIAMS, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| OFFICER MT RETORT, | ) |
| Charlotte Mecklenburg | ) |
| Police Dept. ("CMPD"); | )    **ORDER** |
| OFFICER M. DOAN, CMPD; | ) |
| OFFICER TONSING, CMPD; | ) |
| OFFICER TOWNSEND, CMPD; | ) |
| CHARLOTTE MECKLENBURG | ) |
| POLICE DEPT; BRECKON | ) |
| DANIEL PAV, M.D., | ) |
| | ) |
|     **Defendants.** | ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's motion to reconsider and what the Court construes as a motion to amend his complaint.

On June 6, 2013, the Court entered an Order dismissing Plaintiff's complaint, filed pursuant to 42 U.S.C. § 1983. (Doc. No. 3). The findings and conclusions of law in that Order are fully incorporated herein by reference. (Id.). On July 1, 2013, Petitioner filed the present motion seeking reconsideration of the Court's Order of dismissal and seeking to amend his complaint to add a defendant and a claim for monetary damages. (Doc. No. 5).

The Court finds that Plaintiff's motion to reconsider is timely filed under Rule 59(e) of the Federal Rules of Civil Procedure because it was filed within 28 days from entry of the clerk's judgment. (Doc. No. 4). Plaintiff's motion to reconsider will be denied, however, for the reasons

stated in the Court's June 6 Order of dismissal. Namely, according to the North Carolina Administrative Office of the Courts, Plaintiff is still facing what appear to be eight (8) criminal charges in connection with his arrest and the factual allegations he raises in his complaint. As the Court found in the Order of dismissal, these charges are calendared for hearing in state court in Mecklenburg County on September 23, 2013. The Court will not intervene through injunctive relief in ongoing state criminal proceedings.

Plaintiff's motion to amend his complaint to add a sheriff's deputy will be denied for two reasons. First—for the reasons previously stated in the Order of dismissal and herein—Plaintiff's criminal proceedings are ongoing. Second, the clerk has already entered judgment in this case and the Court finds that an order setting aside this judgment through a Rule 59(e) motion, or any other rule, is improper in light of the ongoing criminal proceedings. See Laber v. Harvey, 438 F.3d 404 (4th Cir. 2006). In Laber, the Fourth Circuit explained that the standard for leave to amend a complaint under Rule 15 of the Federal Rules of Civil Procedure is the same, whether filed pre-judgment or post-judgment. The critical difference between a pre-and post-judgment motion is that once the judgment is entered in a civil case that judgment must first be set aside under, for instance, Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Id. at 427.

The Court finds the judgment should not be set aside under Rule 59(e) for the reasons stated in the Court's Order of dismissal and herein. Plaintiff may pursue constitutional challenges to his state arrest through the state criminal proceedings. If Plaintiff prevails on some or all of the criminal charges, he may pursue relief through a Section 1983 action, although the Court expresses no opinion on the merits of such an action.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's motion to reconsider the Court's Order of dismissal, (Doc. No. 5), is **DENIED**;

2. Plaintiff's motion to amend his complaint to include Daniel Bailey, Jr. of the Mecklenburg County Sheriff's Department, (Doc. No. 5), is **DENIED** without prejudice.

3. Plaintiff's motion to amend his complaint to include a claim for monetary damages, (Doc. No. 5), is **DENIED** without prejudice.

Signed: July 12, 2013

Robert J. Conrad, Jr.
United States District Judge